UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 5:26-cv-6622-RAO Date: November 24, 2026
Title: Jiafang Yang v. James Janecka et al.

Present: The Honorable **ROZELLA A. OLIVER, U.S. MAGISTRATE JUDGE**

| C. Delgado | N/A |
|---|---|
| Deputy Clerk | Court Reporter/Recorder: N/A |
| Attorneys Present for Petitioner: | Attorneys Present for Respondents: |
| N/A | N/A |

**Proceedings:** (In Chambers) **ORDER GRANTING IN PART PETITION FOR WRIT OF HABEAS CORPUS**

## I. INTRODUCTION

Petitioner Jiafang Yang, represented by counsel, is a citizen of the People's Republic of China and is currently in immigration custody within this District. She filed the instant habeas petition on November 6, 2026. Dkt. No. 1 ("Pet."). Respondents filed their Answer on November 16, 2026, attaching copies of Petitioner's Form I-213 and her administrative arrest warrant. Dkt. Nos. 9, 9-1, 9-2. Petitioner filed her Reply on November 18, 2026. Dkt. No. 10.

## II. FACTUAL BACKGROUND

The following facts are set forth in the Petition. Petitioner lawfully entered the United States in May 2024, on a B-2 visitor visa. Pet. at 11. Before her visa expired, Petitioner filed an application for asylum and withholding of removal in September 2024. The government processed her biometrics and later issued her an employment authorization document valid from March 14, 2025 through March 13, 2030. On October 29, 2026, immigration authorities arrested Petitioner. She is currently detained at Adelanto ICE Processing Center.

The Form I-213 states that Petitioner came to the attention of immigration authorities due to her arrest on October 29, 2026, for the offense of obstruction of a

police officer. Petitioner was served with an administrative arrest warrant the same date.

## III. PARTIES' ARGUMENTS

Petitioner contends that her immigration detention violates her due process rights under the Fifth Amendment and her statutory rights under Section 1226 of the Immigration and Nationality Act (INA). Petitioner seeks her immediate release or, alternatively, an individualized bond hearing. Respondents argue that Petitioner was not entitled to pre-detention notice or a hearing because this is her first detention. To the extent Petitioner is entitled to any relief, Respondents state such relief should be confined to a bond hearing pursuant to Section 1226(a). In her Reply, Petitioner contends that the availability of a post-detention bond hearing under Section 1226(a) does not resolve or cure the alleged constitutional due process violation.

## IV. DISCUSSION

A court may grant a writ of habeas corpus to a petitioner who demonstrates to be in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3); *see Magan Pizano v. I.N.S.*, 200 F.3d 603, 609 (9th Cir. 1999) (Section 2241 "expressly permits the federal courts to grant writs of habeas corpus to aliens when those aliens are 'in custody in violation of the Constitution or laws or treaties of the United States.") (citing *Henderson v. I.N.S.*, 157 F.3d 106, 122 (9th Cir. 1998)).

Regarding Petitioner's due process claim, Petitioner argues that her arrest and detention without a pre-detention assessment or identification of the circumstances for her detention violated her Fifth Amendment due process rights. Due process, which extends to noncitizens present in the United States, prohibits deprivation of liberty without affording notice and an opportunity to be heard "at a meaningful time and in a meaningful manner." *Mathews v. Eldridge*, 424 U.S. 319, 333 (1976). A noncitizen who has previously been detained and then released on supervision and

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No.: | 5:26-cv-6622-RAO | Date: | November 24, 2026 |
| Title: | Jiafang Yang v. James Janecka et al. | | |

complies with the conditions of release has a constitutionally protected interest that may require a pre-deprivation hearing before being re-detained. *See, e.g., Singh v. Semaia*, 2026 WL 2281009 (C.D. Cal. Aug. 4, 2026).

Due process claims are analyzed using a two-step framework: first, determine whether an individual has a protected liberty interest; second, examine what procedures are necessary to ensure that any deprivation of that interest is constitutional. *See Johnson v. Ryan*, 55 F.4th 1167, 1179 (9th Cir. 2022). In analyzing the second step, many courts have turned to the factors outlined in *Mathews v. Eldridge*. *See Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1206–07 (9th Cir. 2022). Those factors consider (1) the private interest affected, (2) the risk of an erroneous deprivation of that interest, and (3) the government's interest involved, including any fiscal or administrative burden that additional procedures would entail. *Mathews*, 424 U.S. at 335.

Because Petitioner has some liberty interest in remaining out of custody, the Court considers the *Mathews* factors. Regarding the first factor, Petitioner's liberty interest is limited. While she has lived in this country for more than two years, it appears that immigration authorities have not evaluated whether she is a danger to the community or a flight risk. Under 8 U.S.C. § 1226(a), which governs Petitioner's detention, the government has the authority to arrest and detain noncitizens pending removal proceedings. Additionally, Petitioner's recent arrest on a charge of obstruction of a police officer underscores why the government requires an opportunity to evaluate whether Petitioner is a danger to the community or a flight risk. Because this is Petitioner's first detention (not a re-detention), the Court finds Petitioner is situated differently from noncitizens who have been detained and then released on conditions of supervision.

As to the next *Mathews* factor, because Petitioner has not been assessed for danger or flight risk, providing her with a post-detention hearing—rather than a pre-detention hearing—would pose only a low or moderate risk of erroneous deprivation of liberty. *See Rodriguez Diaz*, 53 F.4th at 1209-10 (finding small risk of erroneous deprivation where detention is under Section 1226(a) which provides procedural

safeguards); *see also Singh v. Bowen et al.*, 2026 WL 2970609, at *3 (C.D. Cal. Oct. 2, 2026).

Third, the government has a significant interest in enforcing the immigration laws and, in furtherance of that interest, in preventing noncitizens from remaining in this country illegally. *See Rodriguez Diaz*, 53 F.4th at 1208 (citing *Demore v. Kim*, 538 U.S. 510, 515, 528 (2003)). Where the government has had no opportunity to assess whether a noncitizen is a danger or flight risk, the government's interest in detaining the person at least initially is significant. *Singh*, 2026 WL 2970609, at *3.

Having weighed the *Mathews* factors, the Court concludes that Petitioner was not entitled to pre-detention notice and a hearing. Accordingly, the Court denies Petitioner's due process claim.

Turning to Petitioner's statutory claim, Respondents acknowledge in the Answer that Petitioner's detention is governed by Section 1226(a) and that Petitioner is entitled to a bond hearing. The Court agrees and orders that Petitioner be provided with an individualized bond hearing before an immigration judge pursuant to Section 1226(a).

## V. CONCLUSION

For the foregoing reasons, the Court GRANTS IN PART and DENIES IN PART the Petition for a Writ of Habeas Corpus. The Court denies Petitioner's due process claim and grants Petitioner's statutory claim.

The Court ORDERS that Respondents are enjoined from continuing to detain Petitioner unless she is provided with an individualized bond hearing before an immigration judge within seven (7) court days of the entry of this order. At the bond hearing, the government shall have the burden of establishing by clear and convincing evidence that Petitioner is not a flight risk or danger to the community.

**IT IS SO ORDERED.**